## MATTER OF WEINDL

### In Exclusion Proceedings

### A-14490989

*Decided by Board February 16, 1968*

Applicant, who was an alien in commuter status at the time of his departure from the United States to evade military service is upon application for admission subject to, and inadmissible under, the provisions of section 212(a)(22) of the Immigration and Nationality Act.

EXCLUDABLE: Act of 1952—Section 212(a)(22) [8 U.S.C. 1182(a)(22)]—Departed from the United States to escape military service.

The special inquiry officer has certified his order excluding applicant on the ground stated in the caption. No change will be made in his order.

The question is whether applicant left the United States to escape military service, and if so, whether the fact that he was then a commuter takes him out of the provisions of section 212(a)(22) of the Act which make a draft evader inadmissible. We answer the first question in the affirmative, and the second in the negative.

Applicant, a 26-year-old single male, native and citizen of Austria, admitted for permanent residence on March 22, 1965, took the status of a commuter on April 15, 1965. (He worked in the United States but resided in Canada.) He registered for the draft in October 1965 and was classified I-A. The company by which the applicant was employed as a lathe hand obtained a deferment for him as a skilled worker (II-A). The deferment expired on December 31, 1966. An attempt by the employer, involving an appeal, to obtain a continuation of the deferment was unsuccessful. On June 20, 1967 applicant was returned to the I-A classification. On August 10, 1967, he obtained employment in Canada and on the same day appeared before the Service and stated he was abandoning his commuter status. He had not been notified to report for induction before he left. On December 26, 1967, applicant asked to enter as a visitor for the day.

Applicant's testimony is that although he had no objection to service, he did not wish to serve while the action in Vietnam was in progress and that he left the United States both because he did not wish to

621

be drafted and because he desired to go to school. (He could not go to school in the United States because of his working hours and the amount of overtime he was required to work.) He also stated that he would like to return to the United States for permanent residence after the conflict in Vietnam is over. In the United States, applicant was making about $200 a week; in Canada, doing the same work, he receives about half of this amount. He did not enter school in Canada.

The special inquiry officer found that the applicant abandoned residence in the United States primarily because of his desire to avoid service in the armed forces. We believe the record amply supports this conclusion.

The fact that applicant was in the commuter status when he departed does not make the provision of section 212(a)(22) of the Act inapplicable. The commuter status gives an alien the privilege of working in the United States and residing in foreign contiguous territory. This is done by considering him a resident of the United States. We see no reason why an alien, admitted for permanent residence and given the privilege of commuting, should be in a better situation as far as his obligations under Federal laws are involved than the alien actually residing in the United States.

We also find the applicant was not of a nonimmigrant class at the time of his departure. He was in the United States in a commuter status and such a person is an immigrant.

**ORDER:** It is ordered that no change be made in the order of the special inquiry officer.